# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES HENLEY, | ) |
|           Plaintiff, | ) |
| v. | ) Case No. 1:14-cv-0257-WTL-TAB |
| TRINH, Sgt.[1] | ) |
|           Defendants. | ) |

## ENTRY DISCUSSING AFFIRMATIVE DEFENSE AND DISMISSING ACTION WITHOUT PREJUDICE

Plaintiff James Henley, an inmate at the Miami Correctional Facility, filed this civil action against Sgt. Trinh based on events which allegedly occurred at the Plainfield Correctional Facility. Mr. Henley alleges that Sgt. Trinh sexually harassed him during a strip search on February 7, 2014, and on a few occasions thereafter in violation of the Eighth Amendment. *See Calhoun v. DeTella,* 319 F.3d 936, 939 (7th Cir. 2003) (finding that conducting a strip search intended to humiliate and demean the prisoner states a claim under the Eighth Amendment). Sgt. Trinh seeks dismissal of this action. Sgt. Trinh argues that the claims alleged against him are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. § 1997e (requiring a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court).

For the reasons explained below, the defendant's motion for summary judgment [dkt. 18] is **granted**.

---

[1] The plaintiff mistakenly named Sgt. Trenh in the caption of his complaint. The **clerk is directed** to update the docket to reflect the correct spelling of the defendant's name; that is "Sgt. Trinh."

**Discussion**

*A. Standard of Review*

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to this motion for summary judgment is the Prisoner Litigation Reform Act ("PLRA"), which requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of available administrative remedies "'means using all steps that

the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). So here, Sgt. Trinh bears the burden of demonstrating that Mr. Henley failed to exhaust all available administrative remedies before he filed this suit. *Id.* at 681. Sgt. Trinh's motion for summary judgment was served on Mr. Henley on July 28, 2014. See dkts. 17-19. No response was filed, and the deadline for doing so has passed. The consequence is that Mr. Henley has conceded to Sgt. Trinh's version of the events. *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). This does not alter the standard for assessing a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Applying the standards set forth above, Defendant Sgt. Trinh has shown the following. There was a multi-step grievance procedure available to Mr. Henley at the Plainfield Correctional Facility. That grievance process includes an informal complaint, a formal grievance, and a formal appeal. Mr. Henley filed a grievance on February 7, 2014, regarding his allegations of sexual harassment by staff officials; but, as of February 18, 2014, he had yet to receive a response. He then filed his Complaint initiating this lawsuit on February 20, 2014, only thirteen days after he filed his grievance. Pursuant to the grievance process in place at Plainfield

Correctional Facility, the Department of Correction had fifteen business days to respond to Mr. Henley's formal grievance. An appeal would require additional time. In other words, because Henley filed this action only thirteen days after the incident alleged, he could not and did not proceed through the entire grievance process.

Sgt. Trinh has met his burden of proving that Mr. Henley "had available remedies that [he] did not utilize." *Dale,* 376 F.3d at 656. Given his wholesale failure to respond, Mr. Henley has not identified a genuine issue of material fact supported by admissible evidence which counters the facts offered by Sgt. Trinh. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Mr. Henley's action should not have been brought and must now be dismissed without prejudice. *Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

## Conclusion

For the reasons explained above, the motion for summary judgment [dkt. 18] is **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/09/14

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JAMES HENLEY
150168
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

All Electronically Registered Counsel